IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:02-CV-1372-WKW ) (WO) |
| ASSERT RECOVERY AND MANAGEMENT TRUST, S.A., *et al.*, | ) ) ) |
| Defendants. | ) |

### **ORDER**

Before the court is a Notice of Application for Default Judgment against Defendant Asset Recovery and Management Trust, S.A. ("Armtrust"), filed by Plaintiff Securities and Exchange Commission ("Commission"). (Doc. # 225.) The court construes the Notice as a Motion for Default Judgment, made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion is accompanied by a Memorandum of Law (Doc. # 226) and a Declaration of Martin F. Healey (Doc. # 227). For the reasons to follow, the motion is due to be granted.

In this securities fraud action, Armtrust, although properly served, has not responded to the complaint or otherwise made an appearance in this action. Having obtained an entry of default from the clerk, *see* Fed. R. Civ. P. 55(a); (Doc. # 223), the Commission seeks a default judgment against Armtrust for a permanent injunction, a disgorgement award in the amount of $900,000, plus prejudgment interest calculated in accordance with the rate used

by the Internal Revenue Service for tax underpayments compounded quarterly, 17 C.F.R. § 201.600(a), and, if the court deems it appropriate, a civil monetary penalty.  (Doc. # 226 at 9-13.)

Having carefully reviewed the record in light of the Commission's motion for default judgment, the court finds that the "well pleaded" allegations in the complaint demonstrate a "sufficient basis" to support a finding of liability as to each claim asserted by the Commission against Armtrust.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  The court further finds that "all essential evidence is already of record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and that, therefore, a hearing is not required.

On the question of appropriate relief, § 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b)], and § 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)] empower the Commission to seek permanent injunctive relief upon a showing of "(1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *Sec. Exch. Comm'n v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999).  To determine whether there is a reasonable likelihood that a defendant will commit future violations, courts generally consider "'the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.  See 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

involved, the sincerity of the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations.'" *Sec. Exch. Comm'n v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. Unit A July 1981) (citation omitted). Permanent injunctions also may be ordered as part of a judgment of default upon a finding by the court that a factual basis for such relief exists. *Sec. Exch. Comm'n v. McNulty*, 137 F.3d 732, 736-37 (2d Cir. 1998).

Applying the foregoing principles, the court finds that a permanent injunction clearly is appropriate. As accurately detailed by the Commission, the infractions were not isolated. For a period of several years, Armtrust violated federal securities laws by engaging in a complex scheme involving multiple individuals and activities in a foreign jurisdiction. The court finds that Armtrust's intentional conduct establishes a reasonable likelihood of future violations. Moreover, Armtrust's violative conduct was egregious; it involved an elaborate scheme with multiple participants and sophisticated financial maneuvering. The court, therefore, will grant the Commission's request for a permanent injunction against future violations.

The court also may order disgorgement upon a finding of a violation of securities laws. *Sec. Exch. Comm'n v. First City Fin. Corp.*, 890 F.2d 1215, 1230 (D.C. Cir. 1989); *Sec. Exch. Comm'n v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95-96 (2d Cir. 1978). "The purpose of disgorgement is to force the defendant into giving up unjust enrichment he received as a result of his illegal activities." *Sec. Exch. Comm'n v. Lawbaugh*, 359 F. Supp.

2d 418, 425 (D. Md. 2005). Liability having been established, the court finds that the Commission has demonstrated through the declaration of Mr. Healey (Doc. # 227) and other evidence in the record that disgorgement of $900,000 – which equals the minimum amount of ill-gotten gain Armtrust received as a result of the scheme plus prejudgment interest – is appropriate and supported by the record. (Doc. # 226-2); (Healey Decl. ¶ 2.)

Pursuant to § 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and § 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], the court may impose civil penalties for violations of the federal securities laws. Having considered the facts and circumstances of this case – including, but not limited to, the egregiousness of the violations, the gravity of the harm to innocent third parties, and the degree of scienter – the court finds that a third tier civil monetary penalty in the total amount of $300,000 is appropriate. *See* 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii); 17 C.F.R. §§ 201.1001, 201.1002 (adjusting penalty amounts for inflation).

Accordingly, it is ORDERED that the Commission's Motion for Default Judgment (Doc. # 225) is GRANTED.

An appropriate final judgment shall be entered.

DONE this 6th day of October, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE